892 P.2d 598

**Dena LUCERO and Marcos Lucero, Plaintiffs–Appellants,**

v.

**NEW MEXICO PUBLIC SCHOOL INSURANCE AUTHORITY, Defendant–Appellee.**

**No. 21939.**

Supreme Court of New Mexico.

Feb. 22, 1995.

Law Systems of Las Cruces, P.A., Anthony F. Avallone, Las Cruces, for appellants.

Brown & German, Kevin M. Brown, Elizabeth L. German, Albuquerque, for appellee.

## OPINION

FRANCHINI, Justice.

Plaintiffs Dena Lucero and Marcos Lucero appeal from a summary judgment granted in favor of Defendant New Mexico Public School Insurance Authority ("the NMPSIA"). The Luceros claim that a genuine issue of material fact existed to preclude summary judgment. *See* SCRA 1986, 1–056(C) (Repl. Pamp.1992). We disagree and affirm the trial court.

*Facts and proceedings.* Dena suffered personal injuries in an accident while driving a vehicle owned and insured by the Hatch Valley Municipal School District. It is uncontroverted that Dena was a part-time employee of the Federal Programs office at the School District and that the accident occurred during her working hours after she had checked in with the office. It is also uncontroverted that Dena had been permitted to drive the same vehicle to run an office errand on the day before her accident.

Dena testified that on the day of the accident she was given permission to drive the School District vehicle to run a personal errand and was also instructed to run an office errand at the same time. The employee who supposedly gave her permission denies this allegation. According to Dena's testimony, before returning the vehicle to the School District, she took a "cruise" on the interstate highway. During this side trip, she lost control of her vehicle allegedly because of the negligence of a driver who left the accident scene.

The Luceros filed a complaint to recover damages under the uninsured motorist provision of the School District policy covering the vehicle. The NMPSIA moved for summary judgment on the ground that Dena did not have permission to use the vehicle, but that even if she did, she was not covered by uninsured motorist coverage.

◼ *The policy excludes uninsured motorist coverage for employees injured in the course of employment.* The uninsured motorist endorsement under which the Luceros assert coverage is expressly subject "to all terms, clauses and conditions as heretofore." Insuring Agreement E, which sets out the automobile liability portion of the policy, expressly excludes from the scope of its coverage liability for injuries suffered by "employees of the [covered school districts] injured in the course of their employment." The Deputy Director of the NMPSIA signed an affidavit stating that "employees are specifically excluded from the policy's uninsured motorist coverage." When both the insurance company and the named insured agree as to the identity of the third-party beneficiaries of an insurance contract purchased by the named insured, the court will enforce that interpretation of the contract. *See Jaramillo v. Providence Wash. Ins. Co.,* 117 N.M. 337, 341–42, 871 P.2d 1343, 1347–48 (1994).

Employers statutorily may reject uninsured motorist coverage for employees. We note that under Section 66–5–221(D) (Repl. Pamp.1994), a "liability policy need not insure any liability ... on account of bodily injury to ... an employee of the insured while engaged in the employment ... of the insured or while engaged in the operation ... of any such motor vehicle." We further note that under Section 66–5–301(C), "the named insured shall have the right to reject uninsured motorist coverage." The NMPSIA and the School District have rejected uninsured motorist coverage for School District employees.

◼ *Jensen does not apply.* The Luceros argue that Dena had coverage under the uninsured motorist provision of the policy despite the employee exclusion because of the "initial permission" rule expressed in *Allstate Insurance Co. v. Jensen,* 109 N.M. 584, 788 P.2d 340 (1990). In *Jensen,* this Court held that an insurer may not vitiate *liability coverage* to third parties injured by the negligent acts of a permissive driver of a vehicle even if that driver exceeds the scope of the permission granted by the insured. *Id.* at 587, 788 P.2d at 343. We arrived at that conclusion by examining the language of NMSA 1978, Section 66–5–221(A)(2) (Repl. Pamp.1989), which requires an insurer to provide liability coverage in situations in which either the named insured or any permissive driver is operating the vehicle. *Id.* at 585–86, 788 P.2d at 341–42. *Jensen* does not apply in this case because the question of coverage for potential liability to third parties is not at issue.

◼ *As a matter of law, if the facts are as Dena claims, for purposes of the insurance contract Dena was an employee "in the course of [her] employment."* The Luceros alternatively claim that, if the employee exclusion is valid, there exists a controversy of whether Dena was acting within "the course of [her] employment" *when she was injured.* They assert that Dena was not acting "in the course of [her] employment" because she was finished with her business duties and was just taking a "cruise" on her own when the accident occurred. Therefore, they argue, the employee exclusion does not apply to Dena.

The Luceros argue that implicitly it was not part of Dena's duties to drive a School District vehicle because "[s]tudents were not permitted to drive school vehicles;" Dena "was told that driving a school vehicle was not a part of her duties;" and "[i]t was school

policy that students not drive school vehicles." They also assert in another part of their brief, however, that "[t]he school had no policy on students using school vehicles."

If, as Dena asserts, adults with apparent authority permitted her to drive the school vehicle on school errands, it is irrelevant what the policy of the School District was with respect to student drivers. It is inconsistent to argue, on the one hand, that the permission Dena obtained as an employee was sufficient to qualify her as a covered driver under the policy but, on the other hand, insufficient to characterize her as an employee "injured in the course of [her] employment."

We conclude as a matter of law that the alleged fact that Dena temporarily deviated from her duties before returning the vehicle to the School District would not change her status *under the policy* either as a permissive driver (if the fact-finder indeed found that she had express or implied permission to drive the vehicle on the day of the accident) or as an employee "injured in the course of [her] employment." We affirm the trial court.

**IT IS SO ORDERED.**

FROST and MINZNER, JJ., concur.